UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     -against-

MALIK EUTSAY,

          *Defendant*.

20-CR-516 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

In April 2024, I received a letter from defendant, Malik Eutsay, requesting a sentence reduction pursuant to Part A of Amendment 821 to Section 4A1.1 of the Sentencing Guidelines, U.S.S.G. § 4A1.1(e). *See* Def.'s Mot. to Reduce Sentence ("Def.'s Mot."), ECF No. 67. The government filed its response in opposition later that month. Gov't Resp. Opp'n ("Gov't Opp'n"), ECF No. 68. To date, I have not received a reply from Mr. Eutsay. For the following reasons, I deny Mr. Eutsay's request for a sentence reduction.

## BACKGROUND

Familiarity with the facts and procedural history of this case is presumed. In short, in October 2021, Mr. Eutsay pleaded guilty to three counts of Hobbs Act Robbery. Criminal Cause for Pleading, ECF No. 42; Superseding Indictment, ECF No. 24. He committed a string of armed robberies of bodegas and restaurants throughout Brooklyn. Presentence Investigation Report ¶¶ 9–19 ("PSR"), ECF No. 47. During these robberies, Mr. Eutsay physically assaulted store employees, violently threatened them, and stole thousands of dollars. *Id.* ¶¶ 11, 14, 19. I sentenced Mr. Eutsay to 70 months' incarceration on each count, to run concurrently, and three years of supervised release. Judgment 2–3, ECF No. 61.

**DISCUSSION**

Mr. Eutsay requests that I reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which authorizes a district court to reduce a defendant's sentence—"after considering the factors set forth in section 3553(a)"—if: (1) that defendant has been "sentenced to a term of imprisonment based on a sentencing range" that the Sentencing Commission has subsequently lowered and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Mr. Eutsay argues that Part A of Amendment 821 to the Sentencing Guidelines "has the effect of lowering [his] guidelines range" and that he is, therefore, entitled to a sentence reduction. Def.'s Mot.

Part A of Amendment 821 to the Sentencing Guidelines reduces the criminal history or "status points" added to a defendant's criminal history score if the defendant "committed the instant offense while under any criminal justice sentence." U.S.S.G. § 4A1.1(e).[1] Prior to the amendment, if a defendant committed an offense while under a criminal justice sentence, two status points would be added to the defendant's criminal history score. *See* Amendment 821. Now, pursuant to U.S.S.G. § 4A1.1(e), such a defendant will receive only one status point—and only if that defendant has already received seven or more points under the other subsections of § 4A1.1. A court cannot, however, reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A)[2]; *see also Dillon v. United States*, 560 U.S. 817, 819, 824, 831 (2010) (affirming

---

[1] The Sentencing Commission made Amendment 821 retroactive. *See* U.S.S.G. § 1B1.10(d) (Nov. 2023).

[2] U.S.S.G. § 1B1.10(b)(2)(B) is an exception that is not relevant in this case: "If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended

the lower court's determination that U.S.S.G. § 1B1.10 is binding on district courts); *United States v. Steele*, 714 F.3d 751, 754 (2d Cir. 2013) (explaining that the rule that "resentencings pursuant to § 3582(c)(2) must be consistent with the applicable Guidelines policy statement is mandatory") (cleaned up).

Two points were added to Mr. Eutsay's criminal history score because he committed the offense of conviction while under parole supervision for a prior offense. PSR ¶ 66; Statement of Reasons 1, ECF No. 62 (adopting the PSR without change). This two-point addition gave Mr. Eutsay a total criminal history score of 7, which placed him in a criminal history category of IV. PSR ¶ 67; *see also* 2018 Chapter 5, Part A Sentencing Table. Because Mr. Eutsay's offense level was 25, his guideline imprisonment range was 84 months to 105 months. PSR ¶ 98.

As the government explains, had Mr. Eutsay been sentenced pursuant to U.S.S.G. § 4A1.1(e), he would have received zero status points for having committed the offense of conviction while under a criminal justice sentence. Gov't Opp'n 4. Without the two-point criminal history point adjustment, Mr. Eutsay would have been in criminal history category III and would have had only 5 criminal history points. *See* 2018 Chapter 5, Part A Sentencing Table. Because his offense level was 25, Mr. Eutsay's guideline imprisonment range would have been 70 to 87 months. *Id.*; *see also* Gov't Opp'n 5. However, I sentenced Mr. Eutsay to 70 months' imprisonment, which corresponds to the low-end of the guidelines range that would have been applicable to Mr. Eutsay had he been sentenced pursuant to U.S.S.G. § 4A1.1(e). *See* Judgment 2. As a result, any reduction in Mr. Eutsay's term of imprisonment would violate U.S.S.G. § 1B1.10(b)(2)(A), which "prohibits the reduction of a defendant's term of imprisonment to 'less than the minimum of the amended guideline range,'"—here, 70 months. *U.S. v. Smith*, 633 F.

---

range determined under subdivision (1) of this subsection may be appropriate." *Id.*

App'x 66, 68 (2d Cir. 2016) (quoting U.S.S.G. § 1B1.10(b)(2)(A)). Accordingly, I deny his request.

## CONCLUSION

For the reasons set forth above, Mr. Eutsay's motion for a sentence reduction is denied.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:          May 29, 2024
                Brooklyn, New York